New York County.—Hon. D. G. ROLLINS, Surrogate.—December, 1884.

Geissler v. Werner.

*In the matter of the estate of* Frederic Autenreith, *deceased.*

It is the duty of a testamentary trustee to defend any actions whereby the trust estate is attacked; for which purpose he may lawfully employ counsel ; and, on the settlement of his account, he will be allowed credit for such reasonable and necessary sums as he has, in good faith, expended for the protection of the estate.

Upon an application, by the beneficiary of a trust, to compel the trustee to pay to her alleged arrears of income, the respondent answered that he had expended nearly $350 for counsel fees, in defending an action brought by the petitioner for the purpose of extinguishing the trust, and wherein he had recovered a judgment for costs, which his attorney claimed was a lien on any sum to which petitioner might be entitled under the will,—such sum being less than the amount for which credit was asked by the respondent.—

*Held,* that the application must be denied without prejudice.

Petition by Amalie Geissler, a beneficiary under decedent's will, for an order compelling John F.

Werner, executor thereof of and trustee thereunder, to pay over the income of trust moneys. The facts are stated in the opinion.

HENRY F. LIPPOLD, *for petitioner.*

WEHLE & JORDAN, *for respondent.*

THE SURROGATE.—The respondent in this proceeding was appointed testamentary trustee by the will of this decedent, and was directed to pay to the petitioner, during her lifetime, the interest of a certain sum to be invested for her benefit. She now applies for an order, compelling the trustee to pay over such income as has accrued since March, 1883. It is alleged by the respondent, in his answer, that he has expended nearly $350 for counsel fees, in defending an action brought by this petitioner for extinguishing the trust for her benefit, and that, in such action, he has recovered against her a judgment for costs, amounting to $159.54, which latter amount is claimed by his attorney as a lien upon any sum to which the petitioner may be, or may become, entitled, under the provisions of the testator's will. The law is clearly settled, that it is the duty of a trustee to defend any actions whereby the trust estate is attacked; that, for conducting such defense, he may lawfully employ counsel; and that, on the settlement of his account, he will be allowed credit for such reasonable and necessary sums as he has, in good faith, expended for the protection of the estate (Noyes v. Blakeman, 3 *Sandf.*, 543; affi'd, 6 *N. Y.*, 584; Downing v. Marshall, 37 *N. Y.*, 380). The propriety and reasonableness of the expenses incurred

by the respondent can be inquired into upon his accounting, when all persons interested in the fund can have an opportunity to be heard. As the amount of the income that could, in any event, be claimed by the petitioner is less than the amount for which the respondent asks credit, I must direct that her application be denied, without prejudice to its renewal, and without costs to either party.